UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 26-187

**Case Name** National TPS Alliance, et al. v. Noem, et al.

**Counsel submitting this form** Jeffrey M. Hartman

**Represented party/parties** Kristi Noem, U.S. DHS, & United States of America

*Briefly describe the dispute that gave rise to this lawsuit.*

In January 2025, former DHS Secretary Mayorkas extended the 2023 designation of Temporary Protected Status for Venezuela by 18 months and established a consolidated filing process that allowed TPS Venezuela beneficiaries under two previously separate designations--the 2021 and 2023 TPS Venezuela designations--to obtain TPS through October 2026. Citing national interest and other legitimate policy interests, DHS Secretary Noem properly reconsidered these decisions, vacated the extension, and then terminated the designation consistent with the statutory timeline.

Plaintiffs-Appellees consist of an organization and seven individuals who filed a lawsuit in the Northern District of California challenging Secretary Noem's decisions to vacate and terminate the two TPS designations for Venezuela. On March 31, 2025, the district court stayed those determinations under 5 U.S.C. §705. The government filed an interlocutory appeal and, after this Court declined to enter a stay pending appeal, the Supreme Court issued one. Noem v. Nat. TPS Alliance, 145 S. Ct. 2728 (2025). This Court issued an opinion affirming the district court's 705 order. National TPS Alliance v. Noem, 150 F.4th 1000 (9th Cir. 2025).

Before this Court's mandate issued, the district court entered partial final judgment on Appellees' Administrative Procedures Act claim. National TPS Alliance v. Noem, 798 F. Supp. 3d 1108 (9th Cir. 2025). Oral argument on the government's fully briefed merits appeal is being held on January 14, 2026. National TPS Alliance v. Noem, No. 25-5724 (9th Cir.).

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

*Briefly describe the result below and the main issues on appeal.*

While the government's merits appeal was pending, Appellees filed an untimely motion to alter the judgment to add declaratory relief under Fed. R. Civ. P. 60. Although it was divested of jurisdiction by the government's pending appeal of the same issues, the district court entered a second judgment providing declaratory relief. Dkt. 340.

Appellants and Appellees disagree about threshold (and dispositive) legal and jurisdictional issues that Appellants maintain bar any judicial review of the DHS Secretary's challenged determinations with respect to Venezuela. Those issues are currently under review by the Ninth Circuit in No. 25-5724 and form the basis for the district court's declaratory judgment. Additionally, the government maintains that the district court was divested of jurisdiction to enter a second judgment by Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982), and that it lacked authority to enter a second judgment. The government has twice sought Supreme Court intervention to protect the government against the irreparable harm caused by interference with the Secretary's TPS authority in this litigation. Therefore, Appellants do not believe that this case is appropriate for mediation or a settlement assessment conference. The government reserves the right to raise additional arguments and issues in briefing.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Please see the attached addendum with a list of related proceedings currently known to undersigned counsel.

**Signature** /s/ Jeffrey M. Hartman        **Date** January 14, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 7**                                                                 *Rev. 09/01/22*

2

**Form 7 Mediation Questionnaire Addendum**

*Describe any proceedings remaining below or any related proceedings in other tribunals*:

### Litigation Directly Related to This Appeal
- *National TPS Alliance v. Noem*, 150 F.4th 1000 (9th Cir. 2025), *effect stayed by Noem v. National TPS Alliance*, 145 S. Ct. 2728 (2025)
- *National TPS Alliance v. Noem*, No. 25-5724 (9th Cir.) (fully briefed appeal addressing TPS for Venezuela and Haiti), *underlying judgment stayed by Noem v. National TPS Alliance*, 606 U.S. —, 2025 WL 2812732 (Oct. 3, 2025)

### Related Litigation In Other Tribunals
- *National TPS Alliance v. Noem*, 25-cv-5687-TLT (N.D. Cal.) (setting aside TPS terminations for Nepal, Nicaragua, and Honduras), *appeal filed* No. 26-199 (9th Cir.).
- *National TPS Alliance v. Noem*, No. 25-4901 (9th Cir.) (abated interlocutory appeal involving TPS terminations for Nepal, Nicaragua, and Honduras)
- *Haitian Evangelical Clergy Association, et al.*, v. Donald J. Trump, et al.*, 789 F. Supp. 3d 255 (E.D.N.Y.), *appeal pending* No. 25-2372 (2d Cir.) (addressing partial vacatur of TPS for Haiti)
- *CASA, Inc., et al. v. Kristi Noem, et al.*, 8:25-cv-525 (D. Md.) (challenging TPS decision making related to Venezuela)
- *CASA, Inc., et al. v. Kristi Noem, et al.*, 8:25-cv-01484-TDC, 792 F. Supp. 3d 576 (D. Md.) (challenging TPS terminations for Afghanistan and Cameroon), *mot. for emergency postponement denied by* 2025 WL 2028397 (4th Cir. July 21, 2025)
- *Haitian Americans United Inc., et al., v. Trump, et al.*, 1:25-cv-10498-RGS (D. Mass.) (litigation stayed with respect to Venezuela TPS designation pending resolution of resolution of related Ninth Circuit litigation)
- *Miot v. Donald J. Trump, et al.*, 25-cv-2471-ACR (D.D.C.) (challenging TPS termination for Haiti)
- *Dahlia, et al., v. Kristi Noem*, 25-cv-8686-KPF (S.D.N.Y.) (challenging the TPS termination for Syria), *appeal pending* No. 25-2995 (2d. Cir.)
- *A.C.T. v. Noem*, 1:25-cv-13939 (D. Mass.) (challenging TPS termination for South Sudan)

2

- *Doe v. Noem*, 1:25-cv-15483 (D. Ill.) (challenging the TPS termination for Burma).

2